MARGARET S. PHILLIPS
Attorney At Law
10691 West Prickly Pear Lane
Tucson, Arizona 85743
(520) 440-5554
MargaretPhillipsazbar@gmail.com

Arizona State Bar No. 009246

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| LIBRA H. PENA, fka LIBRA H. JOHNSON, an unmarried woman ) ) | NO: |
| Plaintiff. ) | COMPLAINT |
| vs. ) ) | FALSE ARREST; FALSE IMPRISONMENT; |
| PIMA COUNTY, a body politic; ) CLARENCE W. DUPNIK, PIMA ) COUNTY SHERIFF; and ) AARON L. WHITE and JANE DOE ) WHITE, husband and wife; ) RICHARD MORAGA and JANE ) DOE MORAGA, husband and wife ) Defendants. ) | INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL.DISTRESS; TRESPASS; VIOLATION OF 42 U.S.C. §1983 |

LIBRA H. PENA, formerly known as LIBRA H. JOHNSON, by and through undersigned counsel, for her Complaint alleges as follows:

1. **GENERAL ALLEGATIONS**

1.  Plaintiff Libra H. Pena ("Plaintiff") is an unmarried woman, was formerly married to William Bristow Johnson, Jr. ("Johnson") and resides in Pima County, Arizona.

-1-

2. Defendant Pima County ("Pima County") is a body politic in the State of Arizona. Clarence W. Dupnik is the duly elected Sheriff of Pima County and is named in his official capacity as such ("PC Sheriff"); his offices and agencies operate within and under the authority of Pima County. Defendants Aaron L. White ("White") and Jane Doe White are husband and wife; and Defendants Richard Moraga ("Moraga") and Jane Doe Moraga are husband and wife.

3. White and Moraga are employees of PC Sheriff, assigned to work at the northwest station and were, at all times material herein, acting within the scope of their employment.

4. White and Jane Doe White are husband and wife; Moraga and Jane Doe Moraga are husband and wife and were, at all times material to this action, acting for the benefit of the community.

5. All actions set forth herein occurred in Pima County, Arizona.

6. This Court has original and supplemental jurisdiction pursuant to 42 USC §1983 and 28 USC §1367.

7. At all times material to this action Plaintiff lived at her residence at 4415 North Frey Avenue Tucson, a mobile home that Plaintiff had purchased in the year 2000 ("Mobile Home").

8. Plaintiff married Johnson on January 11, 2011. The marriage of the parties was dissolved on January 11, 2012. Plaintiff never conveyed to Johnson any legal or equitable interest in the Mobile Home nor in the rental agreement renting the space on which the Mobile Home is located.

9. On July 24th 2011 Plaintiff served Johnson with an eviction notice, advising him that he was to vacate the Mobile Home where they lived as man and wife on or before August 31, 2011 and further advising him of her intent to file a petition to dissolve the marriage.

10. On or about August 7, 2011 Johnson entered a detoxification center seeking treatment for his drug and alcohol addiction. Johnson was scheduled to remain in the center for ninety days. During and prior to the marriage of Plaintiff and Johnson, Johnson had been physically and emotionally abusive to Plaintiff and Plaintiff obtained an order of protection against Johnson on August 11, 2011. Plaintiff was afraid of Johnson.

11. At the time of his entry into the center, Johnson gave the keys to the vehicle that he drove, a 2007 Chevrolet pick up truck ("the Truck") to Plaintiff. The Truck was purchased prior to marriage and title was held in the names of Johnson and Plaintiff jointly. There was a lien on the Truck and Johnson and Plaintiff were jointly and severally responsible for payment of the lien.

12. Plaintiff receives social security disability payments from the federal government based upon a determination, on or about March of 1999, that she was unable to work as a result of her psychological condition. At the time of this incident Plaintiff suffered from this disability for which she took, and continues to take, medication.

13. On August 10, 2011 White and Moraga arrived at the Mobile Home just after six o'clock in the afternoon having been summoned by Johnson, who had summarily released himself from the rehabilitation center prior to the termination of his treatment and now wanted the Truck. Johnson advised White that he had been in the detoxification center for three days, that Plaintiff was a co-owner of the Truck and that she had advised him earlier, through Johnson's mother, that she would not give him the Truck.

14. White attempted to contact Plaintiff by banging on the side of the Mobile Home and Plaintiff did not respond as she was afraid. Moraga walked around the Mobile Home and noted that the dogs located inside were barking at him.

15. Plaintiff was afraid of her exposure to liability for any accident caused by Johnson while driving the Truck as he habitually drove when under the influence of illegal drugs or alcohol. Plaintiff later advised both White and Moraga that she would not provide the Truck to Johnson as she believed him to

be under the influence of either illegal drugs and/or alcohol at that time. Moraga dismissed Plaintiff's concerns and informed her that a lot of people drive under the influence of either illegal drugs or alcohol.

16. As Plaintiff did not exit the Mobile Home in response to White's actions, White then advised Johnson that he had a legal right to be in the Mobile Home and further advised him to enter the Mobile Home in whatever manner he could. Pursuant to White's direction, Johnson effected a breaking and entry of the Mobile Home, damaging a window in the process.

17. When Johnson entered the Mobile Home Plaintiff exited through the sliding glass doors, at which time White advised her that she could not prevent Johnson from entering into, and remaining in, the Mobile Home. He further advised her that because she was withholding the Truck from Johnson he was going to report Plaintiff to the Auto Theft unit for embezzling the Truck. White did this despite his knowledge of Johnson's untimely exit from the rehabilitation center where he was being treated for addiction to crack and alcohol, of Plaintiff's disability which affected her emotional stability and of Plaintiff's ownership interest in the Truck and consequent fear of liability in the event of an accident.

18. Because White determined that Johnson was calm during this interchange and Plaintiff was agitated, White arrested Plaintiff for domestic

violence and disorderly conduct, completely ignoring the fact that Johnson was shouting in an agitated manner regarding the Truck during this arrest. At this point Johnson once again advised White that Plaintiff had emotional issues.

19. White then advised Johnson that he could stay in the Mobile Home and that he had the right to rekey the residence in the absence of Plaintiff. Johnson stayed in the Mobile Home that night while Plaintiff spent the night in Pima County Adult Detention Center.

20. Prior to this incident on August 10, 2011, White had been called to the Mobile Home regarding an incident with a neighbor. During this call, White and Johnson spent some time in a very amicable conversation about the Marines and body building. Johnson had served in the Marines and was an avid body builder.

21. Plaintiff was obliged to retain an attorney to represent her in the domestic violence action. This action was eventually dismissed without prejudice and the limitation period for refiling has now expired.

22. Subsequent to Plaintiff's arrest and in contrast with anything observed prior to this time period, Plaintiff and Plaintiff's next-door neighbor observed patrol vehicles from the Pima County Sheriff's Department parked in front of the neighbor's home on at least four occasions. The vehicles were pointed in the direction of the Mobile Home and remained there for some time.

23. On August 24, 2011, Plaintiff filed a complaint with the office of Internal Affairs of the Pima County Sheriff's Department against White and Moraga. She was notified by the Department on December 6, 2011 that her complaint was sustained and disciplinary action had been taken.

24. On or about February 1, 2012, pursuant to the requirement of A.R.S. 12-821.01, Plaintiff made a demand on the Defendants for payment of damages suffered as a result of the foregoing. Plaintiff received no response from any of the Defendants.

2. **COUNT I.  VIOLATION OF 42 USCA § 1983**

25. Plaintiff incorporates all allegations set for above in General Allegations as if fully set forth in this Count.

26. Pima County, White and Moraga, were at all times acting under color of State law.

27. Pima County White and Moraga violated the rights, privileges and/or immunities provided to Plaintiff under Federal law as guaranteed by the Fourteenth Amendment to the Constitution of the United States.

28. Plaintiff was unlawfully arrested, detained and prosecuted as a result of the violations of these rights.

29. Plaintiff was damaged as a result of these violations.

WHEREFORE, Plaintiff prays for judgment against the Defendants for the following relief:

30. Compensatory and punitive damages in an amount to be determined at time of trial.

31. Court costs and reasonable attorneys' fees.

32. Any other and further relief as this Court deems just and equitable.

3. **COUNT II: FALSE ARREST**

33. Plaintiff incorporates all allegations set for above in General Allegations and Count I as if fully set forth herein.

34. On August 10, 2011 Pima County, by and through its employees and/or agents White and Moraga, arrested Plaintiff.

35. This arrest was unlawful as it was without probable cause and, at the time of the arrest, Pima County, White and Moraga had in their control all the information showing that there was no probable cause for the arrest.

36. Plaintiff was damaged by these actions of Pima County, White and Moraga.

WHEREFORE, Plaintiff prays for judgment against the Defendants for the following relief:

37. Compensatory and punitive damages in an amount to be determined at time of trial.

38. Court costs and reasonable attorneys' fees.

39. Any other and further relief as this Court deems just and equitable.

4. **COUNT III: FALSE IMPRISONMENT**

40. Plaintiff incorporates all allegations set for above in General Allegations and in Counts I and II as if fully set forth herein.

41. In effecting the arrest, Pima County, White and Moraga intended to confine Plaintiff.

42. Pima County, White and Moraga did cause Plaintiff to be confined.

43. Plaintiff was confined at her place of residence and at the Pima County Adult Detention Center. She was fearful and felt threatened and was unable to protect her rights in her property as a result of this confinement and suffered thereby.

44. Plaintiff was fully aware of her confinement.

WHEREFORE, Plaintiff prays for judgment against the Defendants for the following relief:

45. Compensatory and punitive damages in an amount to be determined at time of trial.

46. Court costs and reasonable attorneys' fees.

47. Any other and further relief as this Court deems just and equitable.

5. **<u>COUNT IV: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>**

48. Plaintiff incorporates all allegations set for above in General Allegations and Counts I, II and III as if fully set forth in this Count.

49. The conduct of Pima County, White and Moraga is and was extreme and/or outrageous.

50. This conduct has caused severe emotional distress to Plaintiff.

51. Pima County, White and Moraga intended to cause this distress and/or were reckless in their behavior resulting in said distress.

WHEREFORE, Plaintiff prays for judgment against the Defendants for the following relief:

52. Compensatory and punitive damages in an amount to be determined at time of trial.

53. Court costs and reasonable attorneys' fees.

54. Any other and further relief as this Court deems just and equitable.

6. **<u>COUNT V: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS</u>**

55. Plaintiff incorporates all allegations set for above in General Allegations and Counts I, II, III and IV as if fully set forth in this Count.

56. The conduct of Pima County, White and Moraga was negligent and is and was extreme and/or outrageous.

57.     This conduct has, directly and proximately, caused severe emotional distress to Plaintiff.

58.     Pima County, White and Moraga were reckless and/or willful in their conduct towards the Plaintiff.

WHEREFORE, Plaintiff prays for judgment against the Defendants for the following relief:

59. Compensatory and punitive damages in an amount to be determined at time of trial.

60. Court costs and reasonable attorneys' fees.

61. Any other and further relief as this Court deems just and equitable

7. **COUNT VI. TRESPASS**

62.     Plaintiff incorporates all allegations set for above in General Allegations and Counts I, II, III, IV and V as if fully set forth in this Count.

63.     Defendants White and Moraga caused Johnson to enter onto the property of the Plaintiff, namely Plaintiff's rented lot and Plaintiff's Mobile Home ("the Property"), while Plaintiff was in exclusive possession of the Property and was, and is, the sole owner and/or lessee of the Property.

64.     Defendants White and Moraga intended to cause this entry onto the Property and intended that Johnson should remain on the Property while Plaintiff was removed therefrom.

65. Plaintiff was damaged by the conduct of the Defendants White and Moraga.

WHEREFORE, Plaintiff prays for judgment against the Defendants for the following relief:

66. Compensatory and punitive damages in an amount to be determined at time of trial.

67. Court costs and reasonable attorneys' fees.

68. Any other and further relief as this Court deems just and equitable

**RESPECTFULLY SUBMITTED** this July 24, 2012.

*Margaret Phillips*
MARGARET PHILLIPS

# VERIFICATION

STATE OF ARIZONA      )
                      ) ss.
COUNTY OF PIMA        )

  **COMES NOW** the affiant, LIBRA H. PENA, formerly known as Libra H. Johnson, and declares under penalty of perjury that the foregoing is true and correct:

1. I am the Plaintiff in the above captioned action;

2. I have read the foregoing Complaint;

3. The contents contained therein are true and correct to the best of my knowledge;

Further the affiant sayeth not.

_____
LIBRA H. PENA, formerly known as Libra H. Johnson

**SUBSCRIBED AND SWORN** TO before me this 24th day of July, 2012 by Libra H. Pena.

_____
Notary Public

OFFICIAL SEAL
SHER BALSER
NOTARY PUBLIC-ARIZONA
PIMA COUNTY
My Comm. Exp. Sept. 15, 2015